THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SPOTTS BROTHERS, INC.,                    :
                                          :
                    Plaintiff,            :
          v.                              :        3:18-CV-02235
                                          :        (JUDGE MARIANI)
SERAPHIM USA MFG., INC.,                  :
                                          :
                    Defendant.            :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff Spotts Brothers, Inc.'s Motion for Default

Judgment Against Defendant Seraphim USA Manufacturing, Inc. ("Defendant"). (Doc. 50.)

For the reasons discussed below, the Court will grant the Plaintiff's Motion, but will request

both an affidavit and additional documentation to determine the issue of damages.

### II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R.

Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment,

but only if the claim is for a sum certain or one that can be made certain by computation, the

defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at

55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

### III. BACKGROUND

The well-pleaded factual allegations of the Complaint, which the Court takes as true, *see DIRECTV*, 431 F.3d at 165 n. 6, are set forth below.

Plaintiff is engaged in the development and construction of solar energy generation facilities throughout the Commonwealth of Pennsylvania. (*See* Compl., Doc. 1, ¶ 5.) Defendant, Seraphim, is engaged in the manufacture, sale and distribution of solar panels that are used in the development and construction of solar energy generation facilities. (*Id.* ¶ 6.) Ryan Erwin is president of Seraphim USA Manufacturing. (*Id.* ¶ 7.)

Plaintiff had a contract with the Commonwealth of Pennsylvania to construct a solar energy generation facility. (*Id.* ¶ 8.) In order to construct the facility on behalf of the Commonwealth, Plaintiff needed to purchase a certain number of solar panels. (*Id.* ¶ 9.)

Plaintiff purchased a number of solar panels from Defendant and the same were not delivered to the Plaintiff. (*Id.* ¶ 10.) The project called for more solar panels than what was delivered to date. (Compl. ¶ 11.)

Plaintiff negotiated a price with Seraphim and Erwin for the purchase of 650 Seraphim USA SRP-360-6MA 20 year workmanship warranty with .58 per watt or $208.80 per module. (*Id.* ¶ 12.) The parties hereto executed a certain purchase order wherein, for the price of $135,720.00, Seraphim would deliver the solar panels. (*Id.* ¶ 13.) The agreement called for 30% down payment of $40,716.00 and the remainder would be paid upon delivery of the panels. (*Id.* ¶ 14.)

On July 2, 2018, Plaintiff made the payment of the 30% ($40,716.00) just after issuing a formal purchase order. (*Id.* ¶ 15.) The agreement called for the delivery of the solar panels on a date certain as the contract that Plaintiff had with the Commonwealth had certain deadlines. (*Id.* ¶ 16.) At all times Defendant was aware of the deadlines and assured Plaintiff, verbally and in writing, that it had the capacity and ability to deliver said solar panels. (Compl. ¶ 17.)

The arrangement maintained between the parties was that remaining payment of $93,119.00 would be paid several days before delivery. (*Id.* ¶ 18.) Defendant requested final payment and invoiced Plaintiff a final invoice of $93,119.00, on September 21, 2018. Before sending the invoice, Defendant told Plaintiff in writing that shipment of the order would be the following week. (*Id.* ¶ 19.)

On September 25, 2018, Plaintiff wired the requested remaining $93,119.00 to Defendant with the expectation all of the ordered solar panels would be delivered the following week. (*Id.* ¶ 20.) However, as time progressed it became clear that Defendant would be unable to produce and deliver the solar panels called for under the purchase order. (*Id.* ¶ 21.)

The president of Seraphim, Erwin, was aware when he had his sales personnel demand the funds from the Plaintiff that Defendant did not have the infrastructure to provide the solar panels to Plaintiff. (*Id.* ¶ 22.) The funds wired on September 25, 2018, were used by Defendant on other projects and for investment and not to produce Plaintiff's panels. (Compl. ¶ 23.) Erwin, by and through its sales personnel and other employees, engaged in actions and communications with Plaintiff in order to deceive it into believing that once payment was made the panels would be delivered in a timely manner. (*Id.* ¶ 24.) Erwin and Seraphim failed to inform Plaintiff that it was unable to complete the order and was committing fraud to simply garnish payment from Plaintiff. (*Id.* ¶ 25.)

Believing the statements made by or through Erwin, Plaintiff wired the funds to the benefit of Defendant in the amount of $93,119.00. (*Id.* ¶ 26.) Upon receipt of the payment, Defendant shipped 22% of the order with delivery on October 2, 2018, in time for an event the Commonwealth was having at the project site. (*Id.* ¶ 27.) Defendant left Plaintiff to believe the remainder of the order would come within one week of that first shipment. (*Id.* ¶ 28.)

On October 14, 2018, Defendant finally admitted in a letter from Erwin that the panels ordered had not been produced and that it would not return the funds that were wired by the Plaintiff. (Compl. ¶ 29.) Plaintiff has demanded the return of the funds that it paid and cancellation of the balance of the order and Erwin and Seraphim have refused to return any funds. (*Id.* ¶ 30.)

Plaintiff was forced to order the remaining product from a different manufacturer to complete its bonded state contract. (*Id.* ¶ 31.)  It is believed by Plaintiff that Erwin had Plaintiff convinced to wire the additional funds in order to pay other debts of Seraphim and never intended to use the same to provide the panels so ordered. (*Id.* ¶ 32) Erwin used his position as president of Seraphim to defraud Plaintiff out of monies so that it could be used for other purposes. (*Id.* ¶ 33.)

### (a) Counts

Plaintiff's first count alleges that Defendant intentionally breached the contract it had with Plaintiff for the delivery of the remainder of solar panels that were previously agreed to. (*See Id.* ¶¶ 34-42.) Plaintiff's second count alleges fraud and fraudulent inducement on the part of Defendant, contending that Defendant was aware that it could not produce and deliver the solar panels that were ordered and paid for by Plaintiff. (*See* Compl. ¶¶ 43-52.) Finally, Plaintiff's third count alleges that Seraphim USA Manufacturing's corporate veil was pierced by the actions of Ryan Erwin as president of the corporation. (*See Id.* ¶¶ 53-68.)

## IV. ANALYSIS

### a. Default Judgment

Plaintiff contends that it is entitled to default judgment due to Defendants' failure to litigate this matter by not filing an answer. (Memorandum in Support of Motion for Default Judgment, Doc. 50-1, at 1-2.) For the reasons explained below, Plaintiff has satisfied all requirements necessary to obtain a default judgment against Defendant.

In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Here, a Complaint was filed against Defendant on November 19, 2018. (*See generally* Compl., Doc. 1.) Defendant was served with a summons and complaint on December 6, 2018. (*See* Doc. 5 at 2.) An answer was due twenty-one days following service, and thus was due on December 27, 2018. Defendant failed to file an answer, and the Clerk of the Court entered the default of Defendant on September 22, 2022. (*See* Doc. 43.) In light of the lack of any answer on the part of the Defendants, the Court must accept Plaintiff's factual allegations contained within its Complaint (Doc. 1) as true.

With respect to the prejudice to the Plaintiff if default is denied, this factor weighs in favor of Plaintiff. Absent the default judgment, Plaintiff will be faced with an indefinite delay

in the adjudication of its claims, and uncertainty as to what and when Defendant may assert. Plaintiff is further left with no alternative means to assert its claims against the defaulting party and ensure that Defendant will not later attempt to assert defenses in this litigation.

As to whether Defendant appears to have a litigable defense, this factor also weighs in favor of Plaintiff. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, Defendant has not filed an answer. In the absence of any answer by Defendant, the Court is unable to determine the viability of any possible defenses which may constitute a complete defense in this action. *See e.g., Joe Hand Promotions, Inc. v. Yakubets*, 3 F.Supp.3d 261, 271-272 (E.D. Pa. 2014) ("[O]utside of the court's obligation to decide whether it has jurisdiction and whether the complaint states a claim, the court may presume that an absent defendant who has failed to answer has no meritorious defense, *e.g., Doe v. Simone,* No. 12-5825, 2013 WL 3772532, at *5 (D.N.J. July 17, 2013), because '[i]t is not the court's responsibility to research the law and construct the parties' arguments for them'") (quoting *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.,* 515 F.3d 718, 721 (7th Cir. 2008)).

The third factor, whether Defendant's delay is due to culpable conduct, also weighs in favor of Plaintiff. "In this context culpable conduct means action taken willfully or in bad

faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983).

Defendant has been on notice of this action since, at latest, December 6, 2018, when it was

served via certified mail with the Summons and the Complaint. (*See* Doc. 5 at 2). Thus,

Defendant has failed to respond to defend this lawsuit for well over five (5) years. This lack

of action amounts to deliberate and willful conduct. *See e.g.*, *Eastern Elec. Corp. of N.J. v.

Shoemaker Const. Co.*, 657 F.Supp.2d 545, 554 (E.D. Pa. 2009) (finding defendant's

conduct to be "culpable" where defendants were served with all pleadings and other

documents and defendants did not engage in litigation process or offer any reason for their

"failure or refusal" to do so and further explaining that "for the Court to conclude otherwise

would be to reward the recalcitrant or the oppositional and uncooperative."). Therefore, the

Court concludes that default judgment will be entered against Defendant Seraphim USA

Manufacturing, Inc.

### b. Damages

Pursuant to the Federal Rules of Civil Procedure, a Court "may conduct hearings or

make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an

accounting; (B) determine the amount of damages; (C) establish the truth of any allegation

by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 50(b)(2); *see also Eastern

Electric Corp. of N.J.*, 657 F. Supp. 3d at 552 (citing *Durant v. Husband*, 28 F.3d 12, 15 (3d

Cir. 1994)). There is no requirement that the Court conduct a formal hearing, but instead

may request that "the parties submit affidavits and other materials from which the court can

8

decide the issue." *Id.* (quoting Moore's Federal Practice 3d § 55.32(2)(c)) (internal quotation marks omitted).

Although the Court does not take as true the moving party's factual allegations or legal conclusions relating to the amount of damages as set forth in the Complaint, *Comdyne I, Inc.,* 908 F.2d at 1149, the Court notes that Plaintiff makes various allegations regarding damages in its Complaint. Plaintiff alleges that it and Defendant entered into a written contract for the amount of $135,720.00 wherein Defendant would supply 650 solar panels. (*See* Doc. 1 ¶ 35.) Plaintiff also alleges that the agreement between it and Defendant called for a thirty percent (30%) down payment in the amount of $40,716.00. (*See Id.* ¶¶ 13-15.) Plaintiff contends that it has also suffered $93,119.00 in damages stemming from remaining payment it wired to Defendant but for which it never received the solar panels. (*See Id.* ¶¶ 18-21.) Therefore, Plaintiff argues that it has lost $135,720.00 due to the breach of contract and associated loss of profits (*id.* ¶¶ 40-41), and seeks judgment in its favor in an amount in excess of $150,000.00. (*See Id.* at 6, 7, 9.)

With respect to these alleged damages, Plaintiff must submit something more than simply explaining the damages to which they believe they are entitled to in its Complaint and Motion for Default Judgement. Accordingly, while the Court does not believe that a formal hearing is necessary, Plaintiff must submit a more detailed affidavit and direct documentation from which the Court can decide the issue of damages.

Thus, while the Court will grant default judgment in favor of Plaintiff, the Court will also direct Plaintiff to submit a detailed affidavit, along with other materials and direct documentation that may shed light on the extent of Plaintiff's actual damages before the Court enters an award of damages.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment Against Defendant Seraphim USA Manufacturing, Inc. (Doc. 50). Plaintiff will be directed to provide the Court with both an affidavit and supporting documentation and evidence so that the Court may decide the issue of damages.

Robert D. Mariani
United States District Judge